IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN E. LILLEY; SANDRA I. LILLEY,

        Plaintiffs,

    v.

WELLS FARGO BANK, N.A., d.b.a
AMERICA'S SERVICING COMPANY,

        Defendant.

Case No. 1:13-cv-01153-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

    Plaintiffs John and Sandra Lilley bring this action against the defendant Wells Fargo Bank, doing business as America's Servicing Company, based on claims arising out of a previous foreclosure action. Plaintiffs assert violations of the unfair trade practices act, breach of the covenant of good faith and fair dealing, and negligence. The case comes before the Court on the defendant's Motion for Summary Judgment (#27). For the reasons below, this motion should be GRANTED, and this case dismissed with prejudice.

## STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). In considering a motion for summary judgment, the court "must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial." Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir.2002) (citing Abdul–Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir.1996)).

The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Id. at 325. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. Id. at 324. The non-moving party must show more than the mere existence of a scintilla of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. Anderson, 477 U.S. at 252. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor. Id. at 255.

Even when a summary judgment motion is unopposed, the motion must be denied if the moving party fails to meet the party's burden to show the absence of any genuine issue of

material fact. See Sheridan v. Trickey, No. 10–06034–AC, 2010 WL 5812678, at *2 (D.Or. Dec. 16, 2010) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993)).

## DISCUSSION

In 2005, John and Sandra Lilley ("the plaintiffs") borrowed $200,000 to purchase property in Eagle Point, Oregon. There is no dispute that the defendant held the promissory note, and serviced the loan for that purchase. In 2009, plaintiffs were approved for, and accepted, a loan modification, but by 2010 they again had problems making their payments and sought assistance from the defendant. In December, 2011, plaintiffs were denied their application for a second loan modification. Plaintiffs claim they never received notice of the denial. In June, 2012, a foreclosure action was filed. Plaintiffs claim that they believed they were being considered for a loan modification until they received notices in June 2013 that a sheriff's sale had been set to sell the property due to a foreclosure judgment. They believed that, because the loan modification application was still being processed, no foreclosure action would be filed. By contrast, the defendant claims that plaintiffs had notice of the denial of their application for loan modification, as well as the foreclosure action.

Plaintiffs did not appear or contest the foreclosure action, nor did they seek to set aside or appeal the default judgment or the foreclosure judgment once they had notice of the sheriff's sale. Therefore, the defendant moves for summary judgment on the basis that this action is an improper collateral attack on a prior judgment by a court.

"The Rooker–Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir.2008). The doctrine bars federal courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court

judgment." Id. (internal quotation omitted). An action brought in federal court constitutes such an appeal "if claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id.

Plaintiffs filed no response to defendant's summary judgment motion, even after the Court inquired about such a response to plaintiff counsel. With no evidence offered to the contrary, the Court agrees that the plaintiffs' action is an improper collateral attack, as the claims appear to be inextricably intertwined with the state court's foreclosure judgment.

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendant's motion for summary judgment (#27) be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of November, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge